Common Pleas Court of Franklin County.

JOHN GEORGE V. WILLIAM MANN.

Decided April 21, 1932.

P. W. Tetlow, for plaintiff.

Donald J. Hoskins, prosecuting attorney, James H. Davis, and R. M. Shockey, for the Industrial Commission.

LEACH, J.

This case is pending in this court on appeal from the final action of the Industrial Commission of Ohio disallowing a claim for workman's compensation. The present hearing is on a motion of The Industrial Commission of Ohio to be made a party defendant.

The defendant, William Mann, failed to comply with the Workmen's Compensation Law of Ohio, and failed to contribute to the State Insurance Fund or qualify as a self-insurer under said act. In support of the motion the Industrial Commission has attached to its memorandum an affidavit of the defendant, William Mann, in which

he states that he is without money or means to place before this court his defense in this case; that he is without money or property to pay any judgment which said court may or might render against him in this action; that he fully believes that he will not in the future have sufficient funds whereby to pay any judgment which may or might be rendered against him.

It is conceded that by virtue of the provisions of the Workmen's Compensation Act, Section 1465-74 G. C., should the plaintiff be successful in this action it would become the mandatory duty of the Industrial Commission to determine the amount of the compensation due to the plaintiff and that the Industrial Commission would be required to make an order against the defendant, William Mann, and upon said defendant's refusal to pay said award within ten days, such award must then be certified to the Attorney General of Ohio for collection. If such award is certified back to the Industrial Commission by the Attorney General as uncollectable, the Industrial Commission is required by law to pay said award from a surplus fund created by Section 1465-54 G. C. (*Thompson* v. *Industrial Commission*, 121 O. S. 17; *State ex rel Uppeman* v. *Industrial Commission*, 122 O. S. 509; *Croy* v. *Industrial Commission*, 122 O. S. 65.)

It is claimed by the plaintiff in resisting said motion that there is no authority for making the Industrial Commission of Ohio a party defendant, and said plaintiff relies upon Section 1465-90 General Code, which provides in regard to appeals against non-complying employers as follows:

"If the claimant is seeking compensation from the state insurance fund, the defendant in such action shall be the Industrial Commission, and summons shall be issued to the Industrial Commission and also to the attorney general. If the claimant is seeking compensation from an employer who has qualified to pay compensation direct as provided by Section 1465-69, or from an employer who has failed to comply with this act, the defendant in such action shall be such employer and summons shall issue to such employer."

It is contended that this section of the statute as applied to this case only authorizes the non-complying employer to be made party defendant. It is contended on the part of the Commission that if it is to be deprived of its right to be made a party defendant in this action and in similar actions great fraud may be committed in this, that claimants for compensation under the provisions of the Workmen's Compensation Act against employers who fail to comply with the act and where the employers do not defend in such actions, may cause judgments to be entered against these employers which may be entirely contrary to law and the facts in the case, and that if these actions go undefended the Commission will be required to pay such awards without being permitted to have a day in court, which would in effect deprive the Industrial Commission of Ohio and the State Insurance Fund of property without due process of law in violation of the 5th Amendment to the Constitution of the United States.

It is claimed that Section 1465-90 General Code is not exclusive, but that the same should be read in connection with Section 11255 which provides that:

"Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff or who is a necessary party to a complete determination or settlement of a question involved therein."

Section 11262 General Code is also claimed to be applicable here. This section provides:

"The court may determine any controversy between the parties before it, when it can be done without prejudice to the rights of others, or by saving their rights. When such determination cannot be had without the presence of other parties, the court may order them to be brought in, or dismiss the action without prejudice."

The Industrial Commission of Ohio is essentially a trustee for the proper administration of the Workmen's Compensation fund, and as such the court is of the opinion that it has a legitimate interest in the instant controversy which may or may not be adverse, depending upon the facts relevant to the claim of the plaintiff.

No lengthy discussion need be here indulged in relative to due process of law. As stated by Webster in his argument in the Dartmouth College case, it is the law of the land, which proceeds upon inquiry, which hears before it condemns and renders judgment only after trial.

It is an elementary principle of statutory construction that where two constructions may be given to a statute, one of which will render the satute unconstitutional and the other constitutional, that construction, if it can reasonably be made, will be given to the statute which will render the same constitutional. If the statute, Section 1465-90, were to be so construed as to render defenseless the Industrial Commission, where it has a good defense by reason of the non-complying employer's failure to present such defense, then the statute would certainly be of questionable constitutional validity. It is conceivable that not only might such an employer by reason of lack of funds fail to make any defense by reason of his lack of interest in the case, or there might even be collusion between such employer and employee, and in such cases the court is of the opinion that the Industrial Commission has a right to be heard, either under the provisions of Sections 11255 and 11262 Genral Code above quoted, if resort to them be necessary, or by reason of the provisions of Section 1465-90 itself, because in reading said section it is to be noted that, "if the claimant is seeking compensation from the insurance fund, the defendant in such action shall be the Industrial Commission", and "if the claimant is seeking compensation from an employer * * * who has failed to comply with this act, the defendant in such action shall be such employer." Where it is known that the non-complying employer is without funds, can it be said that essentially the claimant is seeking compensation from the employer? Looking through the form to the substance, is he not in fact seeking compensation from the State Insurance Fund? We think in such case the court is not only authorized but is required to look through the form to the substance, and if this is done the Court is of the opinion that the provisions of Section 1465-90 authorizes the Commission to be made a party defendant.

It is the conclusion of the court that authority to make said Industrial Commission a party defendant is found, not only in Sections 11255 and 11262 General Code, but also in Section 1465-90 General Code.

Motion sustained.   Exceptions.